UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSELIN ESPINAL,

    Plaintiff,

vs.                                            CASE NO. 3:10-cv-131-J-32TEM

PROFESSIONAL RECOVERY
SERVICES, INC.,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's Motion to Compel (Doc. #15, Motion to Compel), filed October 13, 2010. The Court has reviewed the instant motion and finds it is clearly due to be denied.[1] Therefore, the Court will issue its ruling without awaiting the normal response period. In reviewing the Motion to Compel, the Court noted there is insufficient compliance with Local Rule 3.01(g) of the United States District Court, Middle District of Florida, and Plaintiff filed the motion after the expiration of the discovery period.

The importance of the Local Rules and the Federal Rules of Procedure cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. With respect to Local Rule 3.01(g), the court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). At least one magistrate judge in the Middle District of Florida has construed the mandates

---

[1] *See* Local Rule 1.01(c), wherein the Court may suspend application and enforcement of the local rules in whole or in part in the interests of justice.

of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000).[2] Many disputes are more easily resolved when the parties actually speak with each other.

It appears Plaintiff's counsel would have this Court accept three emails that were evidently sent to Defendant's counsel as satisfactory consultation under Local Rule 3.01(g). The Court declines to do so. From the information provided, the Court is unable to ascertain whether the referenced emails were actually received by Defendant's counsel. Moreover, one way communication does not comport with the Court's interpretation of the moving party's obligation to confer with the opposing counsel. *See Lippy v. Metropolitan Casualty Ins. Co.*, No. 3:10-CV-727-J-34MCR, 2010 WL 4007035, *1 (M.D. Fla. Oct. 13, 2010) (denying the defendant's motion to compel for failure to confer either in person or by phone under Local Rule 3.01(g)); *O'Rear v. Greenwich Ins. Co.*, No. 8:09-cv-1903-T-26TGW, 2010 WL 2869475, *1 (M.D. Fla. Jul. 21, 2010) (directing the parties to confer personally within seven days in a good faith effort to resolve the pending discovery disputes without court intervention).

Additionally, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith conference before any discovery motion is filed, is strictly enforced. Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith.

---

[2] Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Middle District Discovery (2001) at 20.  Here, as in other discovery disputes, the Court believes if counsel for Defendant and counsel for Plaintiff had actually conferred on the telephone or in person before the instant motion was filed, there would have been no need for Court involvement.  *See Lippy v. Metropolitan Casualty Ins. Co.*, 2010 WL 4007035 at *2; *O'Rear v. Greenwich Ins. Co.,* 2010 WL 2869475 at *1.

Furthermore, the Court notes the instant motion was not filed until approximately two weeks after the discovery deadline. The discovery period in this action closed on October 1, 2010 (*see* Doc. #14, Amended Case Management and Scheduling Order and Referral to Mediation).

When a motion is filed after a scheduling order has been entered, Rule 16(b) applies.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998)(per curiam).  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16.  Once good cause is shown, the Court determines whether leave should be granted to file the motion after the scheduling order deadline. This Court takes the adherence to the scheduling order seriously and follows the Eleventh Circuit guidelines that "motions filed after a deadline imposed by a court should be denied as untimely".  *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537 (M.D. Fla. 1997).  In order to show good cause under Rule 16(b), the moving party must establish that scheduling deadlines could not be met despite a party's diligent efforts.  *See, Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal citations omitted).

Here, Plaintiff has not alleged any "good cause" why the Motion to Compel was not timely filed. In fact, Plaintiff has not argued any reason, let alone "good cause," for the failure to file the instant motion prior to the close of discovery. According to Plaintiff, the requests for written discovery, which are the subject of the instant motion, were served on May 27, 2010 (Doc. #15 at 1). Plaintiff has not averred why the instant Motion to Compel could not have been brought in a timely fashion.

Thus, upon due consideration, the Court finds Plaintiff's Motion to Compel (Doc. #22) shall be **DENIED**. The parties are encouraged to amicably resolve the outstanding discovery disputes without Court intervention.

**DONE AND ORDERED** at Jacksonville, Florida this  28th  day of October, 2010.

Copies to:
All Counsel of Record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge